### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMENT SECURITY GROUP, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Case No.: 07-CV-00058** |
| ) | **Judge: Ricardo M. Urbina** |
| **v.** ) | |
| ) | |
| **PCC CONSTRUCTION COMPONENTS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PCC CONSTRUCTION COMPONENTS INC.'S
### MOTION TO DISMISS NORMENT SECURITY GROUP'S
### APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD

COMES NOW the Defendant, PCC Construction Components, Inc. ("PCC"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and requests that the Court grant this Motion to Dismiss Norment Security Group, Inc.'s ("Norment") Application for Order Confirming Arbitration Award. PCC submits that the basis for filing this Motion to Dismiss is that, by the very terms of the "Agreement for Consent Award and Mutual Release" (" Arbitration Award"), Norment waived any right to seek enforcement of the Arbitration Award in a separate forum as more fully set forth in PCC's Memorandum of Points and Authorities, attached and incorporated herein by reference.

Respectfully submitted by,

Law Offices
**LEONARD A. SACKS &**
**ASSOCIATES, P.C.**
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

_____/s/_____

Leonard A. Sacks, Esq., DCB 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for PCC Construction Components*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a correct copy of the foregoing Motion to Dismiss and accompanying Memorandum of Points and Authorities in Support thereof were sent by CM/ECF electronic delivery this 6th day of February 2007 to:

Richard E. Hagerty, Esq.          Tameka M. Collier, Esq.
Troutman Sanders, LLP           Troutman Sanders, LLP
1660 International Drive            401 Ninth Street, N.W.
Suite 600                        Suite 1000
McLean, Virginia 22102          Washington, D.C. 20004

_____ /s/ _____

Law Offices
**LEONARD A. SACKS &**
**ASSOCIATES, P.C.**
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NORMENT SECURITY GROUP, INC., )
)
     Plaintiff, )
)
                                 )     Civil Case No.: 07-CV-00058
v. )     Judge: Ricardo M. Urbina
)
PCC CONSTRUCTION COMPONENTS, INC., )
)
     Defendant. )

---

)

PCC CONSTRUCTION COMPONENTS, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS NORMENT SECURITY GROUP'S
APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD

COMES NOW the Defendant, PCC Construction Components, Inc. ("PCC"), by and through its undersigned counsel, for its Motion to Dismiss ("Motion") Norment Security Group, Inc.'s Application for Order Confirming Arbitration Award ("Confirmation"), in support thereof, and states as follows:

## A.    INTRODUCTION AND PROCEDURAL BACKGROUND

As set forth in Norment Security Group's Application for Order Confirming Arbitration Award ("Application"), PCC was the window subcontractor to Centex Construction Co., Inc. ("Centex") on the E. Prettyman Courthouse Annex for the United States District Court ("Project"). See Application ¶5. PCC subcontracted design and fabrication of the blast windows to Norment Security Group, Inc. ("Norment"). See Application ¶6.

Centex's prime contract was with the United States acting by and through the General Services Administration ("GSA") and its surety was Travelers Casualty and Surety Company ("Travelers"). The prime contract was subject to the Miller Act. PCC had no surety under its

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

Subcontract with Centex, however, Norment provided PCC with a surety bond from Arch Insurance Company ("Arch").

Disputes and differences arose between Centex and PCC and also between PCC and Norment regarding delays and corrective work that had to be performed because Norment's specialty manufactured blast windows failed a leak test during the initial installation. As with any construction project each of the parties had claims against each other for direct costs of claimed changed work and Project delays.

Although the subcontract between PCC and Centex contained no arbitration provision, the Purchase Order between PCC and Norment did contain a mandatory arbitration provision as the forum for dispute resolution. In 2005, Norment filed a Demand for Arbitration against PCC, American Arbitration Association Case No. 16-110-Y-02255-05 ("Arbitration Action"). Around the same time, PCC filed claims against Norment's surety, Arch Insurance Company ("Arch") in the United States District Court of Maryland, under civil Case No. 06-CV-1085 JMF ("Arch Action"). Norment also filed a Miller Act Complaint against Centex and Travelers in this Court, under civil Case No.:05-CV-01715 (JMF) ("Miller Act Action"). In both the Arbitration and Miller Act Actions, Norment requested the same relief: its contract balance and certain requests for change orders. The Arbitration Action ended with Norment and PCC entering into a Consent Award, the Arch Action was transferred to this Court and later PCC was brought into the Miller Act Action by way of a Third-Party Complaint. At this time, all of the pending actions have been consolidated, including Third-Party claims between PCC and Centex, before Magistrate Judge Facciola.

Law Offices
**LEONARD A. SACKS & ASSOCIATES, P.C.**
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

## B.    UNDERLINE ARGUMENT

Norment and PCC agreed that the balance due and owing to Norment on this Project, excluding any claims by PCC against Norment, was $496,489.97.  See Application Exhibit B entitled Award of Arbitrators, third paragraph.  The Agreement for Consent Award and Mutual Partial Release ("Agreement") was incorporated into the Award of the Arbitrators.  See Application Exhibit B, Award of Arbitrators, second paragraph.

One predicate for the Agreement was that Norment had asserted claims against PCC that were "pass through" claims to Centex and PCC, therefore, would not be liable to Norment except to the extent that Centex paid PCC for those pass-through claims.  The other predicate was that PCC and Norment reduced and/or eliminated certain claims against each other.  This resulted, in part, in PCC's reduction of its overall claims and, in part, in PCC's maintaining its claims against Norment in the amount of $676,657. See Agreement  attached hereto as Exhibit 1, at ¶4 (the Agreement for Consent Award and Mutual Partial Releases is included as Exhibit A to the Award of Arbitrators).

The Agreement, in part,  specifically provides as follows:

> Both PCC and Norment contemplate that Norment will be paid the amounts of 432,187.11 and $64,302.86 by Centex and/or its surety Travelers.  *Norment agrees **not** to otherwise pursue collection of these amounts against PCC until the conclusion of the Centex litigation and the Arch litigation.*

Exhibit 1, p. 8, ¶ 10.  Emphasis added.

The Agreement further emphasizes and clarifies what Norment is permitted to do with this Arbitration Award.  The Agreement provides, at ¶ 11, that:

> This Agreement shall be binding not only in this Arbitration but in any and all other present or future arbitrations and other actions and proceedings between Norment and PCC and between Norment or PCC and any other party including but not limited to Arch Insurance Company and the action currently pending between PCC and Arch

Law Offices
**Leonard A. Sacks & Associates, P.C.**
One Church Street
Suite 303
Rockville, Maryland 20850

Tel: (301) 738-2470
Fax: (301) 738-3705

Insurance Company in the U.S. District Court for the District of Maryland, Civil Action No. RWT-05-CV-1758, in which Norment may interpose the final judgment entered pursuant to this Agreement as an affirmative claim, offset or defense.

Courts have consistently upheld the right of contracting parties to limit, by contract, the remedies or damages that are available to the parties. The following quote from the case of Maryland Nat'l Capital Park & Planning Comm'n v. Washington Nat'l Arena, 386 A.2d 1216, 1231 (Md. 1978), supports PCC's contention that by agreement of the parties, Norment has no right to bring this action.

United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 (1950), which involved a public policy challenge to a contract clause similar in effect to the noncontestability provision at issue in the present action. The contractor in Moorman sought to avoid compliance with a term in a standard form government agreement making the decision of the Secretary of War final and binding as to all disputes arising under the contract. Rejecting the contractor's contention that such a provision, if implemented, would wrongfully strip him of the right to have his controversy resolved by a court of competent jurisdiction, the Supreme Court, speaking through Mr. Justice Black, declared:

It is true that the intention of parties to submit their contractual disputes to final determination outside the courts should be made manifest by plain language. . . . (citation omitted). But this does not mean that hostility to such provisions can justify blindness to the plain intent of parties to adopt this method for settlement of their disputes. . . . If parties competent to decide for themselves are to be *611 deprived of the privilege of making such anticipatory provisions for settlement of disputes, this deprivation should come from the legislative branch of government.

Id. at 462, 70 S.Ct. at 291.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

**The thrust of these and other modern decisions is that unless clearly prohibited by statute, contractual limitations on judicial remedies will be enforced, absent a positive showing of fraud, misrepresentation, overreaching, or other unconscionable conduct on the part of the party seeking enforcement.** See, Wilson Trading Corporation v. David Ferguson, Ltd., 23 N.Y.2d 398, 297 N.Y.S.2d 108, 111-112, 244 N.E.2d 685, 687 (1968). (Emphasis added.)

## C.     <u>CONCLUSION</u>

PCC Construction Components and Norment Security Group negotiated an Agreement that specifically resolved certain disputes in which the forum and remedies were decided. "Norment agrees **not** to otherwise pursue collection of these amounts against PCC until the conclusion of the Centex litigation and the Arch litigation." That has litigation has not concluded and "Norment may interpose the final judgment entered pursuant to this Agreement as an affirmative claim, offset or defense." The instant action is not part of the limitation of remedies stipulated between the parties.

WHEREFORE PCC Construction Components, Inc. submits that Norment Security Group, Inc.'s Application for Order Confirming Arbitration Award should be dismissed in its entirety.

Respectfully submitted by,


_____/s/_____

Leonard A. Sacks, Esq., DCB 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for PCC Construction Components*

Law Offices
**LEONARD A. SACKS &
ASSOCIATES, P.C.**
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NORMENT SECURITY GROUP, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Case No.: 07-CV-00058** |
| **v.** ) | **Judge: Ricardo M. Urbina** |
| ) | |
| **PCC CONSTRUCTION COMPONENTS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

UPON CONSIDERATION of Norment Security Group, Inc.'s Application for Order
Confirming Arbitration Award and of the Opposition filed thereto by PCC Construction
Components, Inc., it is this ___ day of _____ 2007 hereby

ORDERED that the Application for Order Confirming Arbitration Award is **dismissed**.


_____

U.S. District Court Judge


Copies to:

Leonard A. Sacks, Esq.
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850

Richard E. Hagerty, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600
McLean, Virginia 22102

Tameka M. Collier, Esq.
Troutman Sanders, LLP
401 Ninth Street, N.W.
Suite 1000
Washington, D.C. 20004