UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMENT SECURITY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-CV-00058/JMF |
| ) | |
| PCC CONSTRUCTION ) | |
| COMPONENTS, INC., ) | |
| ) | |
| Defendant. ) | |

**NORMENT SECURITY GROUP, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO PCC
CONSTRUCTION COMPONENTS INC.'S MOTION TO DISMISS**

Norment Security Group, Inc. ("Norment"), by counsel, and pursuant to LCvR 7(b), states as follows for its opposition to the motion filed by PCC Construction Components, Inc, ("PCC") to dismiss the Application for Order Confirming Arbitration Award ("Application"):

**INTRODUCTION**

On June 2, 2006, PCC and Norment executed the Agreement which resolved certain issues before the Arbitration Panel.  Pursuant to the Agreement, the Arbitration Panel entered the Arbitration Award in favor of Norment in the amount of $496,489.97.  PCC admits these facts but now isolates and extracts provisions from the Agreement in an attempt to support an argument that would prohibit Norment from asking the Court to confirm the Arbitration Award as a final judgment.  As described in detail below, PCC's argument is wholly without merit because both the parties' agreements and the Federal Arbitration Act ("FAA"), 9 U.S.C. 1, *et seq.*, expressly and impliedly grant Norment the authority to have the Arbitration award confirmed as a final judgment.

**ARGUMENT**

PCC does not challenge the validity of the Arbitration Award but instead argues that Norment's Application should be dismissed because the Agreement prohibits Norment from pursuing collection of the Arbitration Award until after the resolution of other litigation between the parties, Arch Insurance and Centex currently before this Court. PCC's argument does not embrace a fair and complete interpretation of the express terms of the parties' agreements and would result in unfair and unanticipated consequences for Norment.

The Purchase Order between PCC and Norment that require the parties to arbitrate their disputes states that any award rendered by the arbitrator "shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." Purchase Order at ¶ 9.  Section 9 of the Federal Arbitration Act states in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. . .

9 U.S.C. § 9.  The Purchase Order read in conjunction with Section 9 of the FAA clearly permits Norment to seek confirmation of the Arbitration Award. Nothing in the Agreement or Arbitration Award abrogates this right. In fact, Paragraph 11 of the Agreement, quoted by PCC in support of its argument, evidences the parties' intent that the Arbitration Award be confirmed as a final judgment:

> This Agreement shall be binding not only in this Arbitration but in any and all other present or future arbitrations and other actions and proceedings between Norment and PCC and between Norment or PCC and any other party including but not limited to Arch Insurance Company and the action currently pending between PCC and Arch Insurance Company in the U.S. District Court for the District of Maryland, Civil Action No. RWT-05-CV-1758, *in which Norment may*

> *interpose the final judgment entered pursuant to this Agreement as an affirmative claim, offset, or defense.*

Agreement at ¶ 11. Procedurally, Norment must first seek and receive confirmation of the Arbitration Award as a final judgment before it can seek to enforce it as an affirmative claim, offset or defense.

Moreover, Norment must seek to confirm the Arbitration Award within one year of entry of the Arbitration Award or waive its rights under the FAA. *See* 9 U.S.C. § 9; *see also Consolidated Rail Corp. v. Delaware & Hudson Ry. Co.*, 867 F. Supp. 25, 32 (D.D.C. 1994) (granting defendant's motion to dismiss plaintiff's motion to confirm arbitration award pursuant to FAA as time-barred). The litigation pending before this Court is unlikely to be resolved before the expiration of the FAA limitations period, which is no later than July 11, 2007.[1] Interpreting the Agreement to require Norment to wait until after resolution of that litigation would restrict his ability to seek an award pursuant to the FAA and result in an unfair and unanticipated restriction on Norment's right to enforce the Arbitration Award.

Norment acknowledges that once it has obtained a final judgment, the Agreement limits the manner in which Norment can execute on the judgment. Specifically, Norment cannot initiate collection activities against PCC until the pending litigation is resolved. *See* Agreement at ¶ 10. This present action, however, is not a "collection" action, but simply a procedural device to preserve and finalize the Arbitration Award by reducing it to a judgment, and therefore is not precluded by the terms of the Agreement.

---

[1] The Court may take judicial notice of the fact that as of the date this Opposition has been filed no trial had yet been scheduled in the other cases pending between the parties, Arch Insurance and Centex.

1040357-2                                    3

## CONCLUSION

Wherefore, Plaintiff Norment Security Group, Inc. asks the Court to deny the motion to dismiss the Application for Order Confirming Arbitration Award, to award Norment its attorneys' fees incurred in responding to the motion, and for further relief as deemed appropriate.

Respectfully submitted,


      /s/ Tameka M. Collier
Richard E. Hagerty, D.C. Bar No. 411858
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, VA  22102
703.734.4334 (telephone)
703.734.4340 (facsimile)

Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004
202.274.2950 (telephone)
202.274.2994 (facsimile)

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via CM/ECF electronic delivery this 20th day of February, 2007 to:

Leonard A. Sacks, Esq.
Leonard A. Sacks & Associates, P.C.
One Church Street, Suite 303
Rockville, Maryland 20850


      /s/ Tameka M. Collier
Tameka M. Collier

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMENT SECURITY GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-00058/JMF |
| | ) |
| PCC CONSTRUCTION | ) |
| COMPONENTS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PCC CONSTRUCTION
<u>COMPONENTS INC.'S MOTION TO DISMISS</u>**

     This matter came before the Court on PCC Construction Components, Inc.'s Motion to Dismiss Norment Security Group, Inc.'s Application for Order Confirming Arbitration Award. Upon consideration of the Motion, opposition thereto, and for good cause shown, it is this _____ day of _____, 2007, hereby

     ORDERED that the Motion is DENIED.


                                                                                     _____
                                                                                    Judge, United Stated District Court
                                                                                     for the District of Columbia

Copies to:
Richard E. Hagerty
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, VA  22102

Tameka M. Collier
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004

Leonard A. Sacks, Esq.
Leonard A. Sacks & Associates, P.C.
One Church Street, Suite 303
Rockville, Maryland 20850